IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN GEORGE KNIGHT,<br><br>Petitioner,<br><br>vs.<br><br>JEROME KRAMER, Sheriff Lincoln County Det Cen, et al.,<br><br>Respondents. | 8:26-CV-416<br><br>ORDER |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. He contends that his detention during ongoing immigration proceedings is unlawful (although the precise basis on which he is alleging illegality is unclear from his petition). *See* filing 1. The government argues that the petition is moot because the petitioner is subject to a final order of removal and must be detained pursuant to 8 U.S.C. § 1231(a)(2)(A). Filing 10.

The Court agrees. The petitioner's final order of removal issued July 22, 2025, filing 6-7, became administratively final upon the Board of Immigration Appeals' dismissal of his appeal, filing 11-1. *See* 8 C.F.R. § 1241.1(a).[1] Accordingly, pursuant to 8 U.S.C. § 1231(a)(2)(A), the petitioner's detention is

---

[1] In response to the government's motion to dismiss, the petitioner filed a statement indicating that he is "appealing the Board of Immigration Appeals decision to dismiss [his] case," along with a completed copy of form EOIR-26 (which is usually used to appeal a decision from an immigration judge *to* the BIA, not to appeal *from* the BIA). Nothing the petitioner has provided traverses the government's evidence that his order of removal is administratively final pursuant to § 1241.1(a) and § 1231(a)(1)(B)(i).

mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). And 90 days has not yet passed.

So, given that the Court no longer has a legal basis to award the relief prayed for in the petition—release from custody, *see* filing 1 at 8—the petition is prudentially moot for the reasons explained in *Hernandez Muralles v. Mullin*, No. 4:26-CV-3079, 2026 WL 1045729, at *2 (D. Neb. Apr. 17, 2026).

IT IS ORDERED:

1. The government's motion to dismiss (filing 9) is granted.

2. The petition for writ of habeas corpus is denied without prejudice as moot.

3. A separate judgment will be entered.

Dated this 8th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge